## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: : | |
| : | |
| ENERGY FUTURE HOLDINGS CORP., : | Bankruptcy Case No. 14-10979 |
| et al., : | |
| : | |
| Debtors. : | |
| : | |
| SHIRLEY FENICLE, et al. : | |
| : | |
| Appellants, : | |
| : | |
| v. : | C. A. No. 15-1183-RGA |
| : | |
| ENERGY FUTURE HOLDINGS CORP, : | |
| et al. : | **FILED** |
| : | |
| Appellees. : | |
| | FEB − 3 2016 |

### RECOMMENDATION

U.S. DISTRICT COURT DISTRICT OF DELAWARE

At Wilmington this 3rd day of **February, 2016**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which involved a joint letter from the parties dated January 27, 2016, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

It was clear the parties have strong, divergent views regarding the strengths and weaknesses of their respective positions and the benefits, if any, from mediation.

The underlying bankruptcy matter involves the reorganization of 70 Debtors. At issue are the claims of person exposed pre-petition to asbestos who will succumb to asbestos-related illnesses post-confirmation ("Unmanifested Asbestos Claimants"), and who did not filed individual proofs of claim prior to the court-imposed bar date. Appellants' couch the issue on appeal as whether consistent with the requirements of due process, Unmanifested Asbestos Claimants for which proofs of claims were not file, can be discharged by the order confirming the reorganization plan, which reinstated all unsecured claims for which a proof of claim was timely filed.

Appellees feel that there is no middle ground available, noting that the Bankruptcy Court established a December 14, 2015 bar date for all asbestos-related claims, including those not manifested, that is individuals who have not suffered any physical injury, approved the Debtors' notice plan for such claims and confirmed a plan of reorganization discharging any untimely-filed claims. They view Appellants' objections to the plan to be an attempt to overturn the Bankruptcy Court's asbestos bar date and allow any unmanifested claimant to bring suit against the Debtors for pre-petition asbestos exposure, whether they filed a timely claim. Appellees are not agreeable to such a result or any other proposal that circumvents the bar date and notice plan for such claims or prevents the discharge of untimely claims.

The issues in this appeal are similar to those raised in *Cunningham v. Energy Future Holdings Corp.*, 15-1218-RGA in which a Recommendation for removal from mandatory mediation was made.

2

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. through this Recommendation, the parties were advise of their right to file objections pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE